IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR S. FOLK, | No. 3:18-cv-02252 |
| Plaintiff, | (Judge Mariani) |
| v. | |
| BUREAU OF PRISONS, et al., | |
| Defendants. | |

MEMORANDUM

September 26, 2019

FILED
SCRANTON
SEP 26 2019
PER _____
DEPUTY CLERK

## I. Introduction

Omar S. Folk, currently a federal inmate, filed this civil rights complaint in November 2018—which he subsequently amended—alleging that numerous individuals violated his constitutional rights by providing inadequate medical treatment, and by retaliating against him for filing grievances related to that inadequate medical treatment.[1] (Docs. 1, 7). Currently pending before the Court are several of Folk's motions, including motions for injunctive relief and to compel certain actions. (Docs. 24, 26, 33, 34, 45, 46).

## II. Discussion

### A. Preliminary Injunction

---

[1] Folk has filed a proposed second amended complaint that adds numerous defendants and factual allegations. (Doc. 30).

Folk has filed two motions for injunctive relief, along with supporting memoranda. (Docs. 33, 39, 46, 47). In his first motion for injunctive relief, Folk asserts that, during a pat down, CO Gentzyel grabbed Folk's swollen leg, causing discomfort. (Doc. 33 at 2). In the memorandum in support of a preliminary injunction, Folk asserts that he has lost approximately thirty pounds as a result of kidney issues and a bacterial infection, and therefore must be examined by an outside doctor. In his most recent motion, Folk asserts that Gentzyel conducted a strip search because Folk appeared suspicious, and Lieutenant Cain opened Folk's legal mail. (Doc. 46). In his supporting brief, Folk reiterates that Gentzyel grabbed Folk's swollen leg and that, when he complained of this, another officer stated that Folk would need to take off his knee brace in the future if he did not want Gentzyel to conduct a pat down search. (Doc. 47 at 1-2). Folk also complains of unspecified harassment regarding his legal mail and asserts that he must see an outside specialist because it is unclear if allergies caused his bacterial infection. (*Id.* at 3, 5-6).

A preliminary injunction is an "extraordinary remedy" that will not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 440 (2018). To determine whether Folk has met his burden, the Court must review

> four factors: (1) a reasonable likelihood of success on the merits; (2) irreparable harm to the applicant; (3) whether the denial of a preliminary injunction would injure the moving party more than the issuance of an injunction would harm the

2

non-moving party; and (4) whether the grant of relief would serve the public interest.

*Id.* at 286-87.

"The first two factors are prerequisites for a movant to prevail." *Id.* at 287. "To establish irreparable harm, a stay movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent." *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015) (internal quotation marks omitted). "Furthermore, a prisoner's request for injunctive relief must be viewed with great caution because of the intractable problems of prison administration." *Milhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018) (internal quotation marks omitted).

The Court concludes that Folk's requests for injunctive relief fail because he has not demonstrated imminent, irreparable harm. As to Folk's first motion, Folk notes a single incident in which Gentzyel—during a pat down—squeezed Folk's swollen leg, causing "discomfort." (Doc. 33 at 1; *see* Doc. 47 at 1). There is no indication that Gentzyel continues to squeeze Folk's leg, or that the discomfort Folk experienced resulted in irreparable harm. Given the limit nature of this event, there is also no indication that Folk's injury "could not be remedied [through monetary damages] following a final determination on the merits of his claims in the District Court." *Rivera v. Pennsylvania Dep't of Corr.*, 346 F. App'x 749, 750 (3d Cir. 2009). Similarly, Folk alleges that Gentzyel conducted a single strip search in August 2019 (Doc. 46 at 2) and, because Folk has not alleged that such searches are ongoing, he

fails to demonstrate irreparable harm, rather than an injury that may be remedied through an award of damages.

As to Folk's allegations regarding Defendants' failure to refer Folk to outside medical professionals, Folk asserts that he has kidney issues that have been "ongoing for years," that he began suffering from a bacterial infection in August 2018, and that he has lost thirty pounds within the past year. (Doc. 39 at 2). However, Folk's complaints make clear that he has received ongoing treatment for his kidney issues and for the bacterial infection—treatment that includes multiple forms of antibiotics. (*See* Doc. 7 at 4-5; Doc. 30 at 5-12). Moreover, Folk cannot concretely connect his infection with any alleged dietary issues or allergies, and he acknowledges that he "do[es] not know if this allergic reaction is stemming from [his] food[]." (Doc. 47 at 6).

The speculative nature of a possible connection between Folk's infection and potential allergic reactions undercuts any notion that Folk will suffer irreparable harm unless he is seen by an outside medical professional. Moreover, given the duration of Folk's medical issues and the continuous treatment and monitoring those issues, the Court cannot conclude that he has made a "clear showing" that that he is in danger of irreparable harm, particularly since he provides no evidence connecting his weight loss to his allergies, infection, or kidney issues. *Holland*, 895 F.3d at 285. See *Milhouse*, 721 F. App'x at 111 (affirming conclusion that plaintiff failed to demonstrate irreparable harm because he received "medications and frequent encounters with medical personnel"); *Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x

142, 144 (3d Cir. 2008) ("The record . . . demonstrates that [plaintiff's] liver cirrhosis is being continuously monitored and treated with no indication that the condition places him in danger of immediate irreparable harm"); *Lasane v. Campos*, No. CV-17-6316, 2019 WL 959703, at *6 (D.N.J. Feb. 27, 2019) (denying injunctive relief because medical complaints began "more than two years before" motion was filed, undermining assertion that "immediate failure to be seen by [outside medical professional] will result in irreparable harm to Plaintiff").

Finally, with regard to issues surrounding Folk's legal mail (Doc. 46 at 2; Doc. 47 at 3), which he asserts violates his First Amendment rights, Folk has not established—or even alleged—that any actions "hindered [Folk] in an effort to pursue a nonfrivolous legal claim," *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006), or resulted in "the loss or rejection of a legal claim." *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997). Because actual injury is required to pursue a First Amendment access-to-the-courts claim, Folk has not demonstrated a reasonable likelihood of success on the merits of any such claim, and injunctive relief is not appropriate. As Folk has failed to establish the necessary conditions for a preliminary injunction, his motions will be denied.

## B. Remaining Motions

Finally, Folk has filed various other motions, including a motion to address special mail, a motion to compel service, a motion to compel Defendants to provide Folk with a copy of all Bureau of Prisons regulations, and a motion for a status update. (Docs. 24, 26, 34, 45). These motions were filed on or before August 20, 2019.

With limited exceptions not applicable here,[2] this Court's Local Rule 7.5 requires that parties file a brief in support of a motion within fourteen days of the date that the motion is filed. Local Rule 7.5 explicitly warns that "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Folk has not filed supporting briefs for the aforementioned motions, and those motions are therefore deemed withdrawn.

III. Conclusion

For the foregoing reasons, Folk's pending motions will be denied. An appropriate order will follow.

BY THE COURT:

Robert D. Mariani
United States District Judge

---

[2] Briefs are not required in support of a motion for an enlargement of time or appointment of counsel, or if all parties concur in the motion. L.R. 7.5.