# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR S. FOLK, | Civil No. 3:18-cv-2252 |
| Plaintiff | (Judge Mariani) |
| v. | |
| BUREAU OF PRISONS, et al., | |
| Defendants | |

## MEMORANDUM

### I. Background and Procedural History

Plaintiff Omar Folk ("Folk"), an inmate currently confined at the Federal Correctional Institution, Allenwood Medium ("FCI-Allenwood"), in White Deer, Pennsylvania, initiated this action pursuant to *Bivens*[1], 28 U.S.C. § 1331. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 7). Named as Defendants are the Bureau of Prisons ("BOP"), Samuel Gosa, Brian Buschman, Elizabeth Stahl, Beth Zalno, Geona Fausey, Milton Washington, Darlene Parker, Ryan Parkyn, Michael Magyar, Jennifer Holtzapple, and Charles S. Smith, and M. Gentzyel (collectively, "BOP Defendants"), Dr. David J. Ball, Dr. John T. Burn, and Dr. Robert E. Pucell, private physicians.

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Presently pending before the Court is a motion (Doc. 32) to dismiss based on Folk's failure to comply with Rule 20 of the Federal Rules of Civil Procedure filed on behalf of the BOP Defendants, and a motion (Doc. 71) to dismiss for failure to state a claim by Defendant Dr. Ball. For the reasons set forth below, the DOC Defendants' motion to dismiss based on Folk's failure to comply with Rule 20 of the Federal Rules of Civil Procedure will be granted, and Folk will be afforded a final opportunity to file an amended complaint. Defendant Dr. Ball's motion to dismiss will be dismissed as moot in light of Folk's opportunity to file a second amended complaint.

## II.    Discussion

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the Plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Folk's amended complaint fails to meet these basic pleading requirements. The complaint is relatively concise. The problem is that the factual narrative spans five (5) years and involves the BOP, twelve (12) individual BOP employees, and three (3) private physicians. While some of the claims arguably provide sufficient factual detail to satisfy Rule 8, most of the enumerated paragraphs offer nothing more than a disconnected summary of isolated events. As to four (4) Defendants—the BOP, Elizabeth Stahl, Dr. John Burn, and Dr. Robert Pucell—the amended complaint contains no allegations whatsoever. Additionally, certain claims do not identify the legal theory supporting the individual claims. In sum, Folk's complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the Defendants against whom each cause is lodged. *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential). Folk's complaint thus fails to comply with Rule 8.

The lack of clarity in Folk's amended complaint causes an additional problem. Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple Defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one Defendant, a Plaintiff may assert every claim he has against that Defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES

3

ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); see also FED. R. CIV. P. 18(a).

When a Plaintiff seeks to assert claims against *multiple* Defendants, however, Rule 20 also comes into play. See WRIGHT & MILLER, supra, § 1655. Rule 20 governs permissive joinder of parties and explains that a Plaintiff may only join multiple Defendants in a single case if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a Plaintiff may join multiple Defendants in a single complaint only if he asserts at least one claim linking *all* Defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. Id.; WRIGHT & MILLER, supra, § 1655. That is, there must be at least one common claim against all named Defendants. Once a Plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more Defendants, even if those additional claims are unrelated to the common claim linking all Defendants. See FED. R. CIV. P. 18(a); WRIGHT & MILLER, supra, § 1655.

Folk's amended complaint violates Rule 20. The allegations of the amended complaint do not properly link all Defendants. First, Folk alleges that Defendants Gosa and Parker failed to approve Folk for a special medical diet. (Doc. 7, pp. 3-5). Second, Folk

4

alleges that several Defendants denied him a hinged knee brace or cane for his leg. (*Id.* at pp. 3-6). Folk also alleges that these Defendants retaliated against him by requiring him to remove his hinged knee brace when passing through a metal detector. (*Id.* at pp. 9-13). Third, Folk asserts that Defendant Smith denied him consistent physical therapy. (*Id.* at p. 6). Fourth, Defendant Washington allegedly ignored Folk's medical complaints. (*Id.* at pp. 12-13). Fifth, Folk alleges that Defendant Parker retaliated against him by telling UNICOR that Folk should be fired for not paying his financial obligations. (*Id.* at pp. 4-5). Finally, Folk alleges that Defendant Dr. Ball failed to prescribe a hinged knee brace and refused to perform surgery on his Quadricep because Dr. Ball believed such an operation would not work and could lead to severe nerve damage. (*Id.* at pp. 7-9). And, as noted above, the complaint contains no allegations as to Defendants BOP, Elizabeth Stahl, Dr. John Burn, and Dr. Robert Pucell. Under Rule 20, these disconnected and unrelated claims against multiple Defendants cannot stand.[2]

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must

---

[2] Before Defendants filed their motions to dismiss, Folk submitted an unauthorized second amended complaint (Doc. 30) that seeks to add twenty-three (23) additional Defendants and several unrelated claims. The Court did not grant leave to file a second amended complaint and Defendants did not concur in the filing of a second amended complaint. *See* FED. R. CIV. P. 15(a)(2). Review of the second amended complaint reveals that Folk improperly includes unrelated claims against multiple Defendants in violation of Federal Rule of Civil Procedure 20, and the pleading does not correct the deficiencies of the amended complaint.

5

ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined Defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

In the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Folk will be granted a final opportunity to file an amended complaint in this action. As the amended complaint stands right now, it appears that Folk seeks to litigate several separate incidents in the same action. Any second amended complaint must comply with both Rule 8 and Rule 20. To the extent Folk believes he has been subjected to a violation of his rights by Defendants unable to be joined in this case, Folk must file separate complaints addressing the separate occurrences.

## III. Conclusion

For the reasons set forth above, the Court will grant the DOC Defendants' motion (Doc. 32) to dismiss the amended complaint based on Folk's failure to comply with Rule 20 of the Federal Rules of Civil Procedure. Folk will be afforded a final opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Defendant Dr. Ball's motion (Doc. 72) to dismiss will be dismissed as moot.

A separate Order shall issue.

Dated: March 9, 2020

Robert D. Mariani
United States District Judge