IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR S. FOLK, | : | Civil No. 3:18-cv-2252 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| BUREAU OF PRISONS, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

## I. Background

Plaintiff Omar Folk ("Folk"), an inmate currently confined at the Federal Correctional Institution, Allenwood Medium ("FCI-Allenwood"), in White Deer, Pennsylvania, initiated this action pursuant to *Bivens*[1], 28 U.S.C. § 1331. (Doc. 1). Named as Defendants are the Bureau of Prisons ("BOP"), Samuel Gosa, Brian Buschman, Elizabeth Stahl, Beth Zalno, Geona Fausey, Milton Washington, Darlene Parker, Ryan Parkyn, Michael Magyar, Jennifer Holtzapple, and Charles S. Smith, and M. Gentzyel (collectively, "BOP Defendants"), Dr. David J. Ball, Dr. John T. Burn, and Dr. Robert E. Pucell, private physicians. By Memorandum and Order dated March 9, 2020, the Court granted a motion to dismiss by the

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

BOP Defendants and provided Folk the opportunity to file a second amended complaint. (Docs. 82, 83). Folk has not yet filed a proposed second amended complaint.

Presently pending before the Court are Folk's motions seeking preliminary injunctive relief. (Docs. 58, 79, 92, 95). For the reasons set forth below, the Court will deny each motion.

## II.  Legal Standard

Inmate *pro se* pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994)). In determining whether to grant a motion seeking preliminary injunctive relief, the court considers the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S&R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). The Third Circuit has clarified this standard. *See Reilly v. City of Harris*burg, 858 F.3d 173 (3d Cir. 2017). As a threshold matter, the movant must establish the two "most critical" factors:

likelihood of success on the merits and irreparable harm. *Id.* at 179. Under the first factor, the movant must show that "it can win on the merits," which requires a showing that is "significantly better than negligible but not necessarily more likely than not." *Id.* Under the second factor, the movant must establish that it is "more likely than not" to suffer irreparable harm absent the requested relief. *Id.* Only if these "gateway factors" are satisfied may the court consider the third and fourth factors and "determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 176, 179.

## III.   Discussion

Folk's claims stem from alleged inadequate medical care, issues with his diet, and retaliation against him for filing grievances related to the inadequate medical treatment.

In the instant motions, Folk seeks an order compelling the BOP to provide him additional medical care and he seeks a compassionate release/sentence reduction due to the COVID-19 pandemic. (Docs. 58, 59, 77, 79, 92, 93, 95, 96). The Court finds that Folk cannot meet the heavy burden of establishing that injunctive relief is warranted.

### A.   Likelihood of Success on the Merits

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious

medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (citation omitted). A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); *see also McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976), *cert. denied*, 450 U.S. 1041 (1981).

Folk has not established that any of the Defendants acted with the requisite deliberate indifference to his serious medical needs. By Memorandum and Order dated September 26, 2019, the Court denied a similar motion for injunctive relief filed by Folk. (Docs. 50, 51). Specifically, the Court found that Folk has received ongoing medical treatment for his ailments. (Doc. 50). In the present motions, Folk indicates that he "rel[ies]

4

on [his] previous filing" and sets forth the same injunction issues raised in his previous motion for preliminary injunction. (Doc. 59). Because the Court previously found that Folk failed to establish the elements for granting a preliminary injunction, the Court finds no reason to depart from its September 26, 2019 Memorandum and Order. (*See* Docs. 50, 51).

B. Irreparable Harm

Irreparable injury is harm of such an irreversible character that prospective judgment would be "inadequate" to make the moving party whole. *See Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). An injunction will not issue "simply to eliminate a possibility of a remote future injury . . . " *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted). The Court previously found that Folk failed to demonstrate imminent, irreparable harm warranting injunctive relief. (Doc. 50). It was noted that Folk has received continuous treatment and monitoring of his medical issues, and failed to establish a "clear showing" that he is in danger of irreparable harm. (*Id.* at p. 4) (citing *Millhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018)). Folk has not presented any new evidence that he will suffer irreparable harm by the denial of the instant motions. Thus, the Court finds that Folk has not shown an immediate, irreparable harm justifying a preliminary injunction and finds no basis to depart from the September 26, 2019 Memorandum and Order. (*See* Docs. 50, 51). Because Folk failed to "demonstrate *both* a likelihood of success on the merits and the

5

probability of irreparable harm if relief is not granted," the instant motions must be denied. *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original) (quoting *Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir. 1987)).

Additionally, to the extent that Folk seeks release due to the COVID-19 pandemic, the instant *Bivens* civil rights lawsuit is not the proper vehicle to seek release from custody.[2] Because Folk is attacking "the fact or length of confinement", and seeks immediate release from custody, the "sole federal remedy" is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 494, 500 (1973); *see also Camacho Lopez v. Lowe*, No. 3:20-CV-563, 2020 WL 1689874. *8 (M.D. Pa. Apr. 7, 2020) ("When a petitioner seeks immediate release from custody [due to COVID-19], the 'sole federal remedy' lies in habeas corpus.") (citing *Preiser*, 411 U.S. at 500). Alternatively, if Folk wishes to seek compassionate release, he may file a motion for compassionate release pursuant to Section 603(b) of the First Step Act of 2018 in his underlying criminal case.[3]

## IV. Conclusion

Based on the foregoing, the Court will deny the motions (Docs. 58, 79, 92, 95) for injunctive relief.

---

[2] Folk does not allege that he has contracted COVID-19, that COVID-19 has reached his facility, or that he has suffered any adverse outcomes from the spread of COVID-19. (*See* Docs. 95-96, 98).

[3] The Court expresses no opinion on whether Folk will ultimately be successful in either such filing.

A separate Order shall issue.

                                           _*s/ Robert D. Mariani*_____  
                                           Robert D. Mariani  
                                           United States District Judge

Dated: May 4, 2020