IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR S. FOLK, | Civil No. 3:18-cv-2252 |
| Plaintiff | (Judge Mariani) |
| v. | |
| BUREAU OF PRISONS, et al., | |
| Defendants | |

**MEMORANDUM**

I. **Background**

Plaintiff Omar Folk ("Folk"), an inmate currently confined at the Federal Correctional Institution, Allenwood Medium ("FCI-Allenwood"), in White Deer, Pennsylvania, initiated this action pursuant to *Bivens*[1], 28 U.S.C. § 1331. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 101). Presently pending before the Court is Folk's motion (Doc. 54) to address special mail. For the reasons set forth below, the Court will deny the motion.

II. **Discussion**

Folk alleges interference with his legal mail on two occasions. (Doc. 55). The Supreme Court has made clear that prisoners do not surrender all constitutional rights during their confinement, and the Supreme Court has instructed that "federal courts must

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley*, 482 U.S. 78, 84 (1987).  The Third Circuit has explained that prisoners "do not forfeit their First Amendment right to use of the mails," particularly with respect to privileged "legal mail" exchanged with counsel, and that a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech." *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated in part by Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997); *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006) (reaffirming holding in *Bieregu* that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner.").

In order to state a claim of this sort under the First Amendment, a prisoner must allege that the interference with his legal mail was done according to a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech.").  A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy."  *See, e.g., Jones*, 461 F.3d at 359 (distinguishing between a "pattern and practice" and an "explicit policy").  Prisoners need not allege or prove any "actual injury" beyond the direct injury to their First Amendment right to use the mails.  *Taylor*, 196 F. App'x at 128.

2

Notably, courts have found that mere isolated incidents of opening legal mail outside of an inmate's presence, without evidence of an improper motive, is insufficient to establish a First Amendment violation. *See, e.g.*, *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation."); *Hale v. Pa Dept. of Corr.*, No. 3:07-cv-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("opening [court mail] outside [prisoner's] presence on two occasions . . . does not demonstrate a pattern or practice of improper handling of his legal mail sufficient to find a First Amendment violation . . . Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (accidental opening of a single piece of legal mail did not give rise to a claim); *Beese v. Liebe*, 51 F. App'x 979, 981 (7th Cir. 2002) (dismissing First Amendment claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate-plaintiff merely speculated that the prison official intended to do so).

In the instant motion, Folk alleges that his legal mail was opened outside of his presence on two occasions. (Doc. 55). He requests that all future mailings be delivered to him by certified mail. (Docs. 54, 55). Folk sets forth two, isolated incidents in which his

legal mail was inadvertently opened outside of his presence. (*Id.*). The unintentional opening of legal mail outside of Folk's presence on two occasions does not demonstrate a pattern or practice of improper handling of his legal mail sufficient to find a First Amendment violation. *See Hale*, 2010 WL 3791833, at *3. The Court finds that these isolated incidents of opening Folk's legal mail outside of his presence, without any evidence of improper motive, is simply insufficient to establish a constitutional violation.

## III. Conclusion

Based on the foregoing, the Court will deny the motion (Doc. 54) to address special mail. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 18, 2020