## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OMAR S. FOLK,                              :        Civil No. 3:18-cv-2252
                                           :
            Plaintiff                      :        (Judge Mariani)
                                           :
      v.                                   :
                                           :
BUREAU OF PRISONS, *et al.*,               :
                                           :
            Defendants                     :

### MEMORANDUM

Plaintiff Omar Folk ("Folk"), an inmate confined at the Federal Correctional

Institution, Allenwood Medium, in White Deer, Pennsylvania ("FCI-Allenwood"), initiated this

action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1]

(Doc. 1).  The matter is proceeding via a second amended complaint.  (Doc. 101).  Named

as Defendants are several individuals employed by the Federal Bureau of Prisons ("BOP"),

and Dr. David J. Ball, a private physician.  Presently pending before the Court is Defendant

Ball's motion (Doc. 110) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, the Court will grant the motion to dismiss.

---

[1]   In *Bivens*, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

I.    **Allegations of the Second Amended Complaint[2]**

Folk alleges that Dr. Ball violated his Eighth Amendment rights and committed medical negligence for failing to adequately treat his knee and quadriceps injuries. (Doc. 101). Folk asserts that Dr. Ball treated him on at least seven occasions from 2013 to 2018. (*Id.* at ¶¶ 85, 87, 92, 201). Dr. Ball ordered three magnetic resonance imaging ("MRI") scans and two x-rays of Folk's leg and ordered nerve tests. (*Id.* at ¶¶ 85, 92, 201). Dr. Ball recommended injections to help alleviate Folk's pain, but Folk declined the injections. (*Id.* at ¶ 201). On April 29, 2016, Dr. Ball performed arthroscopic surgery on Folk's right knee. (*Id.* at ¶ 92).

Folk further alleges that he suffered a ruptured quadriceps muscle and Dr. Ball refused to perform surgery on the quadriceps. (*Id.* at ¶¶ 85, 92). Dr. Ball recommended that Folk participate in physical therapy and use a stationary bike. (*Id.* at ¶ 92).

II.    **Legal Standard**

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

---

[2]    The Court only includes the allegations pertaining to Dr. Ball.

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

## III.  **Discussion**

Dr. Ball moves to dismiss the second amended complaint on three grounds: (1) Dr.

Ball is not a federal actor subject to an Eighth Amendment claim;[3] (2) failure to state an

Eighth Amendment claim; and, (3) failure to obtain a certificate of merit for the professional

negligence claim, *see* PA. R. CIV. P. 1042.3.  (Doc. 111).

### A.    **Eighth Amendment Claim**

Folk alleges that Defendant Dr. Ball was deliberately indifferent to his serious

medical needs, in violation of the Eighth Amendment, for failing to adequately treat his knee

and quadriceps injuries.  The Eighth Amendment prohibits the infliction of cruel and unusual

punishment on prisoners. *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000).  In the

---

[3]  For purposes of this Memorandum, the Court finds that Dr. Ball is a federal actor subject to
liability on the Eighth Amendment Claim.  As such, the Court moves directly to the merits of the claims.

context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious.  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain.  *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation.  *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation.  *Whitley v. Albers*, 475 U.S. 312 (1986).  The Supreme Court has also noted that "[l]ack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).  Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations. *Wilson v. Seiter*, 501 U.S. 294 (1991).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008),

and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White*, 897 F.2d at 108-10. Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

Here, Folk acknowledges that Dr. Ball treated him on several occasions for his knee and quadriceps injuries. Dr. Ball evaluated Folk's quadriceps injury and determined that surgery would not be successful and could lead to severe and permanent nerve damage. (Doc. 101 ¶ 92). Folk maintains that Dr. Ball should have performed surgery on his quadriceps, rather than the alternate treatments prescribed by Dr. Ball. Over the course of his treatment of Folk, Dr. Ball ordered diagnostic testing, including MRIs, x-rays, and nerve tests. (*Id.* at ¶¶ 85, 92, 101). Dr. Ball also performed arthroscopic knee surgery, recommended pain injections, and referred Folk to physcal therapy. (*Id.* at ¶¶ 92, 201).

Stripped to its essentials, Folk's claim is simply a dispute between an inmate and his doctor over the precise nature of his medical treatment. A showing of deliberate indifference requires more. *See Brown*, 903 F.2d at 278; *Pearson*, 850 F.3d at 535. Folk's

own allegations provide that he received regular medical care from Dr. Ball, as well as other

physicians and medical personnel.  Although Folk disagrees with Dr. Ball about the proper

course of treatment, such disagreement is not tantamount to a constitutional violation.  The

most that can be said of Folk's claim is that it asserts that Dr. Ball's professional judgment

was deficient.  As articulated above, this is not enough to rise to the level of a constitutional

violation and courts will not second guess whether a particular course of treatment is

adequate or proper.  *See Parham v. Johnson*, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting

*Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)); *Spruill*, 372 F.3d

at 235 (holding that "mere disagreement as to the proper medical treatment" is insufficient to

state a constitutional violation).  Moreover, there is no indication that Dr. Ball's actions were

based on an ulterior motive beyond providing routine patient care.  *See Spruill*, 372 F.3d at

237 (noting that in order to state a deliberate indifference claim, a plaintiff should in some

way "connect[ ] his factual allegations to the alleged mental states" of the defendants).

Accordingly, the Court will grant Dr. Ball's motion to dismiss the Eighth Amendment Claim.

### B.   Professional Negligence Claim

Defendant Dr. Ball next argues that Folk's professional negligence claim must be

dismissed based on his failure to timely file a certificate of merit ("COM"), as required by

Pennsylvania Rule of Civil Procedure 1042.3.  (Doc. 111, pp. 15-16).  Rule 1042.3 requires

a plaintiff alleging professional negligence to file a COM within sixty (60) days of filing the

complaint.  PA. R. CIV. P. 1042.3.  The certificate must include one of the following: a

written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell below acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed.  PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim.  PA. R. CIV. P. 1042.7.  A defendant seeking to dismiss for want of a certificate must first file written notice of their intent to do so, no sooner than thirty (30) days after the complaint was filed.  PA. R. CIV. P. 1042.6(a).

As a threshold matter, the Court finds that Rule 1042.3 applies to this action.  The Third Circuit has determined that the certificate of merit requirement is a substantive rule of Pennsylvania law, applicable to federal court actions under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  *See Liggon-Redding v. Estate of Robert Sugarman*, 659 F.3d 258 (3d Cir. 2011); *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008).

Pursuant to Pennsylvania law, "a court may consider two equitable exceptions when a plaintiff has improperly failed to file a COM: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." *Ramos v. Quien*, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing *Womer v. Hilliker*, 908 A.2d 269, 276, 279 (Pa. 2006)).  Federal courts

9

have since applied these equitable considerations to determine if a plaintiff who fails to timely file a certificate of merit may be relieved from the requirement if he provides a reasonable explanation or legitimate excuse. *See Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008) (observing that "failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the Plaintiff can show 'reasonable excuse' for the noncompliance") (quoting *Womer*, 908 A.2d at 279-80).

In the instant action, Folk was required to file a certificate of merit producing expert testimony that his medical treatment deviated from acceptable medical standards, and to show that the deviation was the proximate cause of any injuries. Folk's medical claims are not within the knowledge of lay persons, as they relate to allegations that Dr. Ball was negligent in providing medical care. Specifically, Folk claims that he was not provided adequate treatment for his quadriceps and knee injuries. This claim is clearly "an integral part of the process of rendering medical treatment" which involves professional medical judgment which is beyond the realm of the lay person. *Paige v. Holtzapple*, 2009 WL 2588849, *4 (M.D. Pa. 2009) ("Where the conduct at issue constituted an integral part of rendering medical treatment, and involved diagnosis, care, and treatment by a licensed professional, . . . the action is one that is characterized as a professional negligence action requiring expert testimony."). It cannot be said that a decision of whether, when or what type of treatment should be provided "is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional

10

persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).  Accordingly, a certificate of merit is required for the professional negligence claim.

Folk filed his second amended complaint on or about May 11, 2020.  (Doc. 101). Folk did not file the requisite certificate of merit, did not request an extension of time in which to do so, and failed to show a reasonable explanation or legitimate excuse for failure to timely file a certificate of merit.  Consequently, the Court will grant Dr. Ball's motion to dismiss the professional negligence claim based on Folk's failure to file a certificate of merit.

## IV.   **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set forth above, the Court concludes that any further amendment would be futile, and Folk will not be permitted leave to file a third amended complaint.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

## V.    Conclusion

The Court will grant Defendant Ball's motion (Doc. 110) to dismiss.  A separate

Order shall issue.


_____
Robert D. Mariani
United States District Judge

Dated: March _____, 2021