### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR S. FOLK, | : | Civil No. 3:18-cv-2252 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| BUREAU OF PRISONS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

### I.   **Factual Background & Procedural History**

Plaintiff Omar Folk ("Folk"), an inmate confined at the Federal Correctional

Institution, Allenwood Medium, in White Deer, Pennsylvania ("FCI-Allenwood"), initiated this

action pursuant to *Bivens*[1], 28 U.S.C. § 1331.  (Doc. 1).  On March 9, 2020, the Court

dismissed Folk's first amended complaint for failure to comply with Rules 8 and 20 of the

Federal Rules of Civil Procedure.  (Docs. 82, 83).  The Court directed Folk to file a proposed

second amended complaint that strictly complied with Federal Rules of Civil Procedure 8

and 20. (*Id.*).  After being granted extensions of time, Folk filed his proposed second

amended complaint on or about May 11, 2020.  (Doc. 101).  In the second amended

complaint, Folk names approximately fifty-one Defendants.  (*See id.*).  The following

---

[1]   *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Defendants have been served and have representation in this action: Samuel Gosa, Brian Buschman, Elizabeth Stahl, Beth Zalno, Geona Fausey, Milton Washington, Darlene Parker, Ryan Parkyn, Michael Magyar, Jennifer Holtzapple, Charles S. Smith, and M. Gentzyel (collectively, "BOP Defendants"), and Dr. David J. Ball, a private physician. The remaining newly named Defendants have not yet been served.

Presently pending before the Court is the BOP Defendants' motion (Doc. 104) to dismiss based on Folk's failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will grant the motion to dismiss. The Court will also dismiss the unserved Defendants from this action.

## II. Discussion

### A. Federal Rules of Civil Procedure 8 and 20

Folk's 247-page proposed second amended complaint contains allegations of distinct acts committed by disparate parties spanning his entire seven-year term of incarceration. (Doc. 101). He names approximately fifty-one different Defendants and raises approximately ten different claims. (*Id.*).

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the Plaintiff to provide "the defendant

2

notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Folk's second amended complaint fails to meet these basic pleading requirements. The factual narrative spans seven years and involves fifty-one different individuals.  Folk appears to list *all* of his alleged medical ailments, issues, and interactions beginning in 2013 through the present.  (*See* Doc. 101).  It is evident that Folk's second amended complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the Defendants against whom each cause is lodged. *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential).  Folk's second amended complaint thus fails to comply with Rule 8.

The lack of clarity in Folk's second amended complaint causes an additional problem.  Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined.  Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a).  Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or

legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

When a plaintiff seeks to assert claims against *multiple* defendants, Rule 20 also comes into play. *See* WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs permissive joinder of parties and explains that a plaintiff may only join multiple defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking *all* defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

The Court finds that Folk's second amended complaint is in violation of Rule 20, as was his first amended complaint. On March 9, 2020, the Court issued a detailed

4

Memorandum and Order directing Folk to file a second amended complaint that contained only the claims and Defendants that were related and involved the same transactions or occurrences and had a common legal and factual basis as required by Rule 20(a).  (Docs. 82, 83).  The Court also directed that all claims that were unrelated must be filed as separate actions.  (Doc. 82).  Instead of complying with the terms of the March 9, 2020 Memorandum and Order, Folk filed his second amended complaint which contains numerous allegations and are related only insofar as they all occurred at FCI-Allenwood.  In the second amended complaint, Folk sets forth various, disjointed claims related to his dental treatment, delay in receiving teeth cleaning and tooth extraction, inadequate treatment for his gallbladder, inadequate treatment for his mental health condition, delayed physical therapy, permanent discoloration in his leg and foot, denial of his special diet, permanent nerve damage in his quadriceps, inadequate treatment for his quadriceps and knee injuries, and harassment claims.  (*See* Doc. 101).  The fifty-one named Defendants and their alleged conduct are essentially unrelated, and they do not meet the requirements of joinder.  It is quite clear that Folk failed to comply with the March 9, 2020 Order with respect to joining unrelated claims and parties in one pleading.

Given that the alleged acts have been committed by disparate parties at different times over the course of seven years, and do not arise out of the same transaction, occurrence, or series of transactions or occurrences, the Court will dismiss the second amended complaint against the BOP Defendants.

**B.    The Unserved Defendants**

Although in some instances it is appropriate for a Court to dismiss claims, *sua sponte*, against parties for whom dismissal is appropriate, but for whatever reason have failed to join in the motion, the Court declines to do so here because the remaining Defendants have not been served.  *See Bryson v. Brand Insulations*, 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment on the pleadings, *sua sponte*, is not error.  The district court may on its own initiative enter an order dismissing the action provided the complaint affords a sufficient basis for the court's action."); *Ryle v. Fuh*, 820 F. App'x 121, 123-24 (3d Cir. 2020) (affirming District Court's granting of defendant's motion to dismiss, and dismissal against some defendants *sua sponte*, where the Court dismissed the complaint with prejudice).  Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, however, the Court has an obligation to dismiss a complaint "*at any time* the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B) (emphasis added).  *See*, *e.g.*, *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); *Bower v. Rey*, 2016 WL 7324526 (M.D. Pa. Dec. 16, 2016); *Bracey v. Pa. Dep't of Corrs.*, 2012 WL 1825828 (W.D. Pa. May 18, 2012) ("The Court's obligation to dismiss a complaint under the PLRA screening provisions is not

excused even after defendants have filed a motion to dismiss."). That section applies to this action because Folk is a prisoner proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

In determining whether a prisoner's complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Rule 12(b)(6) motion to dismiss standard. Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

Folk's claims against the remaining unserved Defendants—approximately thirty-five individuals—suffer from the same defects articulated above. As such, the unserved Defendants are entitled to dismissal from this action.

III.   **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set forth above, the Court concludes that any further amendment would be futile, and Folk will not be permitted leave to file a third amended complaint.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

IV.   **Conclusion**

The Court will grant the BOP Defendants' motion (Doc. 104) to dismiss the second amended complaint based on Folk's failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.  The Court will also dismiss the unserved Defendants from this action.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March _10_, 2021