**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OMAR S. FOLK, | : | Civil No. 3:18-cv-2252 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| BUREAU OF PRISONS, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Presently before the Court is Plaintiff Omar Folk's ("Folk") motion (Doc. 265) for reconsideration of this Court's Memorandum and Order dated March 10, 2021 dismissing the professional negligence claim against Dr. Ball (Docs. 163, 164), based on the United States Supreme Court's decision in *Berk v. Choy*, 607 U.S. 187 (2026). For the reasons set forth below, the Court will grant Folk's motion for reconsideration, vacate in part its Memorandum and Order dated March 10, 2021 dismissing Folk's professional negligence claim against Dr. Ball based on his failure to comply with the certificate of merit requirement, but will decline to exercise supplemental jurisdiction over Folk's state law professional negligence claim.

## I. Background

In November 2018, Folk commenced this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] (Doc. 1). He filed an amended complaint in January 2019. (Doc. 7). The Bureau of Prisons ("BOP") Defendants and Dr. Ball filed motions to dismiss. (Docs. 32, 71). On March 9, 2020, the Court dismissed Folk's amended complaint and granted him leave to file a proposed second amended complaint that complied with Rules 8 and 20 of the Federal Rules of Civil Procedure. (Docs. 82, 83). In response, Folk submitted a 247-page proposed second amended complaint against 51 defendants. (Doc. 101).

The BOP Defendants and Dr. Ball again moved to dismiss. (Docs. 104, 110). With respect to Dr. Ball, it appeared that Folk sought to bring claims of Eighth Amendment deliberate indifference and professional negligence under state law. On March 10, 2021, the Court granted Dr. Ball's motion to dismiss Folk's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 163, 164). Specifically, this Court found that Folk failed to state a claim for deliberate indifference under the Eighth Amendment. (*Id.*). This Court also dismissed Folk's claim of professional negligence against Dr. Ball for failure to file a certificate of merit ("COM") or claim that a COM was unnecessary, as required by Pennsylvania Rule of Civil Procedure 1042.3. (*Id.*).

---

[1] In *Bivens*, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

The Court also granted the BOP Defendants' motion to dismiss based on Folk's failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure, dismissed the unserved Defendants, and closed this case. (Docs. 165, 166). Folk filed an appeal to the Third Circuit. On August 11, 2021, the Third Circuit affirmed this Court's March 10, 2021 Orders. *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143 (3d Cir. 2021).

Folk then filed several motions, including motions for reconsideration, clarification, and for leave to file a third amended complaint. The Court dismissed each of Folk's motions. (Docs. 203, 213). Folk again filed an appeal to the Third Circuit. The Third Circuit affirmed this Court's Orders denying Folk's post-judgment motions and found that "[t]he District Court properly concluded that Folk's motions did not present an appropriate basis for reopening his case." *Folk v. Bureau of Prisons*, Nos. 22-3078 & 22-3208 (3d Cir. 2023).

Undeterred, Folk has continued to file several motions for relief, each of which were dismissed by this Court.

On July 14, 2026, Folk filed the instant motion (Doc. 265) for reconsideration based on the Supreme Court's decision in *Berk v. Choy*. The motion is ripe for disposition.

## II. <u>Legal Standard</u>

A motion for reconsideration may be granted only upon a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence not previously obtainable through the exercise of reasonable diligence; or (3) the need to correct a clear

error of law or fact to prevent manifest injustice. *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from an order or judgment based on "mistake, inadvertence, surprise, or excusable neglect[,]" or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). The catch-all provision of Rule 60(b)(6) has been construed to permit a court "to reopen a judgment in extraordinary circumstances, including a change in controlling law." *Kemp v. United States*, 596 U.S. 528, 540 (2022) (Sotomayor, concurring) (citing *Buck v. Davis*, 580 U.S. 100, 126, 128 (2017) (concluding that the petitioner was "entitle[d] to relief under Rule 60(b)(6)" because of a change in law and intervening developments of fact); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) ("[A] motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim"); *Polites v. United States*, 364 U.S. 426, 433 (1960) (leaving open that a "clear and authoritative change" in the law governing judgment in a case may present extraordinary circumstances)); *see also Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 295 (3d Cir. 2021) (holding that change in controlling law may justify relief under Rule 60(b)(6)).

## III. <u>Discussion</u>

### A. <u>Motion for Reconsideration</u>

Defendants argue that Folk's motion for reconsideration must be dismissed as untimely, and because there is no basis to revisit the Court's Orders, as Folk's case was

dismissed based on his failure to comply with the Federal Rules of Civil Procedure and not based on his failure to file a certificate of merit. (Doc. 268, at 2, 8-14).

Although not entirely clear in Folk's motion, Defendants argue that Folk pursues his motion for reconsideration under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). (Doc. 268, at 6-7).

**1. Rule 60(b)(1) Motion**

Rule 60(b)(1) allows relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Folk filed the instant motion on July 14, 2026, seeking relief from the Court's March 10, 2021 Memorandum and Order. It is clear that Folk filed his motion more than one year after the Court dismissed his claims. Thus, to the extent that Folk filed his motion under Rule 60(b)(1), that portion of the motion is untimely.

**2. Rule 60(b)(6) Motion**

The Rule 60(b)(6) catchall provision allows relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Although motions under Rule 60(b)(6) must be brought "within a reasonable time," the Third Circuit has stated that the timing of the motion under Rule 60(b)(6) "may not be used as a catchall to avoid the one-year limitation." *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971). A motion filed under Rule 60(b)(6) more than

one year after final judgment is generally untimely unless "exceptional circumstances" justify the delay. *United States v. Martinez-Hernandez,* 2012 WL 6061126, at *2 (E.D. Pa. Dec.6, 2012) (citing *Ackerman v. United States,* 340 U.S. 193, 202 (1950)); *see also Gordon v. Monoson,* 239 F. App'x 710, 713 (3d Cir. 2007).

Here, Folk moves under Rule 60(b)(6) and argues that the Supreme Court's decision in *Berk v. Choy* constitutes a change in controlling law that warrants reconsideration of this Court's Memorandum and Order dated March 10, 2021. (Docs. 265, 266). In *Berk*, the Supreme Court held that a provision of Delaware law that prohibited a plaintiff from suing for "medical malpractice unless an affidavit of merit 'accompanie[s]' the complaint," *see* Delaware Code, Title 18, § 6853(a)(1) (2025), did not apply in federal court because it imposed a pleading requirement beyond those specified by Federal Rule of Civil Procedure 8(a). *Berk*, 607 U.S. at 190, 193-95. Under *Berk*, Pennsylvania Rule of Civil Procedure 1042.3 plainly cannot apply in federal court. Similar to the Delaware law at issue in *Berk*, Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff in a malpractice or professional negligence claim to file a certificate of merit. *See* PA. R. CIV. P. 1042.3. By requiring the plaintiff to provide more than a short and plain statement of his claim, the law conflicts with Federal Rule of Civil Procedure 8. *See Berk*, 607 U.S. at 193-95.

The Court finds that *Berk* represents a change in controlling law regarding federal court pleading requirements in professional negligence cases. *Berk* forecloses the application of the certificate of merit requirement in Pennsylvania Rule of Civil Procedure

1042.3 to Folk's professional negligence claim against Dr. Ball. Because this Court dismissed Folk's professional negligence claim against Dr. Ball based on his failure to comply with the certificate of merit requirement, reconsideration is appropriate.

B. State Law Professional Negligence Claim

Folk has advanced a state law professional negligence claim against Dr. Ball. Having already dismissed all federal claims for which it has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Folk's state law professional negligence claim.

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citing 28 U.S.C. § 1367(a)).

Where a district court has original jurisdiction over federal claims and supplemental jurisdiction over state claims, the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Section 1367(c) provides courts "the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness,

and comity' counsel that the district court remand state claims to a state forum." *Combs v. Homer*, 540 F.3d 231, 253-54 (3d Cir. 2008) (citations omitted).[2]

Here, in 2021, the Court has already dismissed all claims over which it had original jurisdiction, and judicial economy, fairness, and convenience do not require this Court to retain jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Folk's state law professional negligence claim. *See Ham v. Greer*, 269 F. App'x 149, 151 (3d Cir. 2008) ("Because the District Court appropriately dismissed Ham's *Bivens* claims, no independent basis for federal jurisdiction remains. In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims.") (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Tully v. Mott Supermkts., Inc.*, 540 F.2d 187, 196 (3d Cir. 1976)).

## IV. Conclusion

For the reasons stated above, the Court will grant Folk's motion for reconsideration (Doc. 265), vacate in part its Memorandum and Order dated March 10, 2021 (Docs. 163, 164) dismissing Folk's professional negligence claim based on his failure to comply with the certificate of merit requirement, but will decline to exercise supplemental jurisdiction over Folk's state law professional negligence claim.

---

[2] Because the original complaint was not filed in state court, the Court cannot remand this case. Rather, the Court will dismiss the state law professional negligence claim against Dr. Ball without prejudice to Folk's right to refile said claim in state court.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 6, 2026